UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUCIANO RUSSO & GEORGE MESSIHA,

        *Plaintiffs,*

– against –

NATIONAL GRID, USA,

        *Defendant.*

**MEMORANDUM & ORDER**
23-cv-03954 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

      Plaintiffs Luciano Russo and George Messiha bring this action against National Grid, USA ("National Grid" or "defendant") for failure to accommodate their disabilities in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107. On December 20, 2024, the Court denied the parties' cross-motions for summary judgment. *See* Order on Motions for Summary Judgment ("Order"), ECF No. 56. A jury trial is scheduled to commence on October 6, 2025. Before the Court are defendant's motions in limine. *See* Memorandum in Support of Motion in Limine ("MIL"), ECF No. 70.[1] For the reasons stated below, defendant's motions in limine are denied.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

## BACKGROUND

The facts in this section are drawn from the parties' stipulation of facts contained in their joint proposed pretrial order ("JPTO") at ECF No. 67. *See* Stipulations ("Joint Stip."), ECF No. 67 at 18–19. National Grid is a gas utility company that provides natural gas for heat, water heating, and cooking to consumers in the New York City buroughs of Queens, Brooklyn, and Staten Island, and also consumers on Long Island, upstate New York, and Massachusetts. Joint Stip. ¶ 1. Plaintiff Luciano Russo was hired by National Grid in 2002 and became a dispatcher in 2013. Joint Stip. ¶ 6. Plaintiff George Messiha was hired by National Grid in 1993 and became a dispatcher in 2001. Joint Stip. ¶ 7. Dispatchers provide support for National Grid's field employees and outside agencies to facilitate responses to reports of suspected gas leaks in National Grid's gas system. Joint Stip. ¶ 10.

In March or April of 2020, National Grid assigned its dispatchers to work from home due to the COVID-19 pandemic, with the exception of supervisors, who were required to report in-person to dispatch centers to "retriev[e] leak calls from the printer." Joint Stip. ¶ 19. In 2022, National Grid required all dispatchers to return to in-person work on a full-time basis. Joint Stip. ¶ 20. Plaintiffs did not return to the office, and each requested a medical accommodation to work from home based on alleged disabilities. Joint Stip. ¶¶ 21–22. Defendant rejected both requests. Joint Stip. ¶ 23. Both plaintiffs remain employed by National Grid. Joint Stip. ¶ 24. Messiha returned to work on August 1, 2024, with an accommodation for parking, while Russo never returned to work. Joint Stip. ¶ 24.

## LEGAL STANDARD

The purpose of a motion in limine "is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence." *United States v. Morel*, 751 F. Supp. 2d 423, 427 (E.D.N.Y. 2010).[2] A district court should exclude evidence on a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." *Picard v. Sage Realty*, Nos. 20-cv-10109, 20-cv-10057, 2021 WL 5826295, at *2 (S.D.N.Y. Dec. 8, 2021). Courts considering a motion in limine "may reserve judgment until trial so that the motion is placed in the appropriate factual context." *Morel*, 751 F. Supp. 2d at 428. Because a ruling on a motion in limine "is subject to change as the case unfolds," the district court's ruling "constitutes a preliminary determination in preparation for trial." *Busher v. Barry*, No. 14-cv-04322, 2019 WL 6895281, at *2 (S.D.N.Y. Dec. 18, 2019).

## DISCUSSION

Defendant moves in limine for an order (1) dismissing plaintiffs' claims for punitive damages; (2) barring plaintiffs from presenting evidence or testimony regarding National Grid's financial size or condition, or the wealth or poverty of the parties; and (3) precluding plaintiffs from presenting testimony regarding an alleged power outage on March 21, 2024. MIL 5.[3]

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3]     The preliminary statement of defendant's motion in limine also requests an order precluding testimony about plaintiffs' current medical conditions since the filing of the Equal Employment Opportunity Commission ("EEOC") charges and an order precluding material from the EEOC file. MIL 5. Defendant had represented that it would move for an order on these bases in the parties' JPTO. *See* JPTO 24. However, these requests are not referenced in the body of defendant's memorandum of law in support of its motion, and there is no argument or legal authority presented in support of these requests. *See generally* MIL; Reply, ECF No. 72. These requests are also not identified in defendant's notice of its motions in limine. *See* ECF No. 68. To the extent that defendant makes these

## I. Punitive Damages Issue

Defendant moves the Court for an order dismissing plaintiffs' claims for punitive damages because plaintiffs have presented no evidence to support the contention that defendant had conscious knowledge it was violating the law or that its conduct raises an inference of malice or reckless indifference. MIL 7. In opposition, plaintiffs argue that because the Court declined to grant summary judgment on plaintiffs' disability discrimination claims, and in particular found that there was a question of fact as to whether defendant failed to engage in the interactive process, defendant's request should be denied. Opp'n 9–12, ECF No. 71.

Motions in limine to dismiss punitive damages claims may be permitted because such a motion would narrow the issues to be presented to and decided by the jury. *See Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 244 (W.D.N.Y. 2003) (finding a "request to dismiss [a] punitive damages claim may properly be brought as a pretrial motion"). Pursuant to 42 U.S.C. § 1981a(a)(2) and (b)(1), punitive damages are available under the ADA if the plaintiff shows that the employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights" of the plaintiffs. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 137 (2d Cir. 2008) (citing 42 U.S.C. § 1981a). Thus, to recover punitive damages, a plaintiff must show that the employer "discriminated in the face of a perceived risk that its actions would violate federal law." *Id.* Punitive damages are also available

---

requests, they are denied at this time because defendant has provided no basis on which they should be granted. *See United States v. Clanton*, 758 F. Supp. 3d 93, 101 (E.D.N.Y. 2024) ("Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds.").

4

under the NYCHRL, although "a lower degree of culpability" can give rise to a claim for punitive damages, and a plaintiff is not required to make "a showing of malice nor awareness of the violation of a protected right." *See Chauca v. Abraham*, 30 N.Y.3d 325, 333 (N.Y. 2017) ("[T]he standard for determining punitive damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.").[4] The question of whether a plaintiff has made these showings is one for the jury. *Sohnen v. Charter Commc'ns, Inc.*, 761 F. Supp. 3d 556, 573 (E.D.N.Y. 2025).

While defendant argues that plaintiffs have failed to offer evidence which would support a finding that defendant either had conscious knowledge it was violating the law or that its conduct was egregious or outrageous, the Court finds that questions of culpability are best left for the determination of the jury. *See Lozada v. Weilminster*, 92 F. Supp. 3d 76, 108 (E.D.N.Y. 2015) ("Generally, the issue of whether defendant['s] conduct is sufficiently serious to warrant punitive damages is a question best left to the jury."); *Racich v. Celotex Corp.*, 887 F.2d 393, 397 (2d Cir. 1989) ("[U]nder New York law, the decision to award punitive damages and their amount are questions which

---

[4] Defendant claims that the standard for an award of punitive damages under the NYSHRL and the NYCHRL are the same as the standard for punitive damages under the ADA. MIL 6. However, contrary to this conclusion, the New York Court of Appeals has specifically rejected an argument that the standard for an award of punitive damages under the NYCHRL is the same as the standard for an award of punitive damages under the federal employment statutes. *See Chauca*, 30 N.Y.3d at 325 ("We reject [the] approach" that the Title VII "standard for punitive damages, employed by the Second Circuit in *Farias*, should apply.") (citing *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 102 (2d Cir. 2001)). Additionally, contrary to defendant's representation, "[i]t is undisputed that the New York State Human Rights Law does not provide for punitive damages." *Facci-Brahler v. Montgomery Cnty.*, No. 18-cv-00941, 2024 WL 1242119, at *7 (N.D.N.Y. Mar. 22, 2024).

primarily reside in the jury's discretion."). Additionally, while a defendant may move to dismiss punitive damages through a motion in limine, an order dismissing a claim for punitive damages is more appropriate where the claim is "barred by statute or otherwise unavailable as a matter of law," rather than where the defendant argues that the claim should be dismissed "on the basis of the insufficiency of a plaintiff's evidence." *Thomas v. West*, No. 14-cv-04459, 2019 WL 1206696, at *2 (S.D.N.Y. Mar. 14, 2019).

Additionally, defendant may challenge the sufficiency of plaintiffs' evidence in support of their claims for punitive damages at the close of the evidence at trial. *See id.* at *2 ("Defendants are free to raise the evidentiary sufficiency issue in a motion pursuant to Federal Rule of Civil Procedure 50(a) at the close of the [p]laintiff's case at trial."); *Grella v. Avis Budget Grp., Inc.*, No. 14-cv-08273, 2016 WL 638748, at *7 (S.D.N.Y. Feb. 11, 2016) ("This Court generally defers action on claims for punitive damages until after the close of the evidence, at which time it is better able to assess whether to charge punitive damages on a particular claim."); *Williams v. Regus Mgmt. Grp., LLC*, No. 10-cv-08987, 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012) (denying pretrial motion to dismiss claim for punitive damages and finding that "[defendant] may move to dismiss the claim for punitive damages at the close of [plaintiff's] case at trial"). Thus, defendant's motion to dismiss plaintiffs' claims for punitive damages is denied.

## II. Defendant's Financial Size

Defendant next argues that the Court should preclude plaintiffs from introducing evidence or testimony of National Grid's financial size. MIL 9. Defendant argues that "as [p]laintiffs' claim for punitive damages should be dismissed, any evidence or testimony regarding National Grid's financial size should be precluded." MIL 10. Plaintiffs oppose, arguing first that they do seek punitive damages. Opp'n 12. Second, plaintiffs argue that

6

there is evidence that defendant knew of its obligations under federal, state, and local law and failed to abide by them, warranting the imposition of punitive damages. Opp'n 12–14.

Evidence of a defendant's wealth is "generally inadmissible in trials not involving punitive damages." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999). However, in cases where the plaintiffs do seek punitive damages, "[i]t is well-settled . . . that evidence of a defendant's net worth is properly considered given the goals of punishment and deterrence served by punitive damages." *TVT Recs. v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)).

As the Court has denied defendant's request to dismiss plaintiffs' claim for punitive damages, and defendant presents no other basis on which to preclude evidence of its financial size, *see also* Reply 8–9, defendant's motion to preclude testimony or evidence of its financial size is denied.

### III. Power Outage

Defendant also moves for an order precluding plaintiffs from offering any testimony about an alleged power outage at the New York City dispatch center on March 21, 2024. MIL 10. Defendant claims that plaintiff Messiha's March 27, 2024 declaration which alleged that there was a fire and power outage on this date is not based on his personal knowledge, and thus testimony as to this allegation should be excluded as hearsay. MIL 10. In response, plaintiffs claim that Messiha's position as a Union Delegate "would make him aware, on a non-hearsay basis, about various emergency issues which came up, including an outage." Opp'n 14. Plaintiffs also argue that the motion is premature and contend that should counsel not provide sufficient foundation for asking

7

Messiha what occurred on March 21, 2024, that a hearsay objection would be appropriate at that time. Opp'n 13. The Court agrees that a ruling on this request would be premature.

Plaintiff Messiha's declaration referenced in defendant's motion in limine states: "[o]n March 21, 2024, due to a fire, the Dispatching Center at 2 Hanson Place went offline! In the middle of a shift!" Messiha Decl. ¶ 3, ECF No. 49-3. Defendant argues that any testimony regarding an alleged outage on that day should be precluded because, as plaintiff has not identified the source of his knowledge, the information must necessarily be hearsay. MIL 10. While Messiha has not identified the source of his knowledge, it does not necessarily follow that his testimony about this event would constitute inadmissible hearsay as the statement of "unknown third parties." MIL 10. Having no information as to the source of plaintiff's information, the Court is unable to determine whether the testimony would constitute inadmissible hearsay, and if any hearsay would fall within an exception rendering the testimony admissible. Thus, having no factual context of the source of Messiha's knowledge, the Court is unable to determine that Messiha's testimony regarding this event is "clearly inadmissible on all potential grounds." *Picard*, 2021 WL 5826295, at *2. *See also Morel*, 751 F. Supp. 2d at 428 ("Courts considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context."); *S.E.C. v. Treadway*, 438 F. Supp. 2d 218, 225 (S.D.N.Y. 2006) (denying motion in limine to exclude hearsay testimony as "premature" and finding "[t]here is no need at this time for this issue to be resolved through a preemptive motion in limine").

Defendant's motion to preclude testimony of an alleged power outage at the New York City dispatch center on March 21, 2024 is denied as premature. If, during the course of their case, counsel for the plaintiffs attempts to elicit improper hearsay testimony, defendant may object at that time.

## CONCLUSION

For the reasons discussed above, defendant's motions in limine to (1) dismiss plaintiffs' request for punitive damages; (2) preclude evidence or testimony regarding defendant's financial size or condition; and (3) preclude testimony regarding an alleged power outage at the New York City dispatch center on March 21, 2024 are DENIED.

**SO ORDERED.**

                                             _/s/ Natasha C. Merle_
                                             NATASHA C. MERLE
                                             United States District Judge

Dated:       September 23, 2025
               Brooklyn, New York